# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br>Rodney Lamont Allen<br>Date of Original Judgment: February 7, 2008<br>Date of Last Amended Judgment: | ) <br>) Case No: 0419 1:07CR00032<br>) USM No: 21969-058<br>)<br>) Pro se<br>) Defendant's Attorney |

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

AND NOW, this 17th day of June, 2015,
 Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction of sentence pursuant to Amendment 782 to the Sentencing Guidelines, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
 ☐ DENIED. ☒ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of <u>188 months</u> **is reduced to** <u>123 months.</u>

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)
Original Offense Level: 32   Amended Offense Level: 30
Criminal History Category: IV   Criminal History Category: IV
Original Guideline Range: 240 months   Amended Guideline Range: 240 months

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**
☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.
☐ Amendment 782 is subject to a Special Instruction at USSG §1B1.10(e)(1) that reduced sentences shall not take effect until November 1, 2015, or later. Since this defendant's projected GCT release date is, Amendment 782 is not applicable in this case.
☒ The Reduced sentence is based upon Amendment ☐ 750/780 ☒ 782
☒ Other (explain): See Attached

**III. ADDITIONAL COMMENTS**
Upon release from imprisonment, and absent a residential plan accepted by the U.S. Probation Office prior to release from incarceration, it is ordered that as a condition of supervised release the defendant shall submit to the local Resident Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Office.

Except as provided above, all provisions of the judgment dated <u>February 7, 2008</u> shall remain in effect.
**IT IS SO ORDERED**.

Order Date: April 7, 2015                      Signed: June 17, 2015

Effective Date: November 1, 2015
 (if different from order date)

Martin Reidinger
United States District Judge

## ADDENDUM TO ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

As this Court has previously noted, the interplay of Amendment 780 (particularly as it amends U.S.S.G. § 1B1.10) and 21 U.S.C. § 851 has resulted in some anomalies. See United States v. Harris, No. 1:09-cr-00013-MR-10 [Doc. 764]; United States v. Fields, No. 1:09-cr-00013-MR-5 [Doc. 773]; United States v. Hall, 1:08-cr-00059-MR-1 [Doc. 179]. While the entire Guidelines system is generally premised on the idea that a greater criminal history warrants a longer sentence, the effect of Amendment 780 in many cases, at least where an § 851 Notice was filed, is to allow for a defendant to be eligible for a *greater* reduction in his sentence *because* he had received a § 851 Notice reflecting prior convictions.

It is axiomatic that the Guidelines system is *advisory*. When a guideline calculation runs contrary to the principles of sentencing – or contrary to common sense – then the guideline calculation should be taken with a grain of salt, or disregarded altogether. See United States v. Foote, __ F.3d __, 2015 WL 1883538, at *6 (4th Cir. Apr. 27, 2015), pet. for cert. filed, May 14, 2015. While merely advisory, the guideline calculation is critical to the resolution of a motion to reduce sentence pursuant to 18 U.S.C. § 3582, as a determination must be made as to whether a guidelines amendment has worked a reduction in a defendant's guideline range in order to ascertain whether the Defendant is even *eligible* for a reduction in the first

place. See 18 U.S.C. § 3582(c)(2). Once it is determined that a defendant is eligible for such a reduction, the guideline calculation is then used to determine the revised sentencing range applicable to the defendant.

This calculus becomes more complicated, however, when a reduction is sought pursuant to Amendment 780 and the defendant's sentence was enhanced by the filing of a § 851 Notice. In such a case, the proper analysis involves three steps: (1) calculating the revised guideline range pursuant to Amendments 750 and 780 in order to determine eligibility; (2) analyzing to what degree (if any) this revised range instructs the Court as to the appropriate sentence for the defendant; and (3) determining the appropriate revised sentence for the defendant considering the § 3553(a) factors. Unfortunately, the attorneys addressing the § 3582 motions filed in such cases have almost universally limited their argument to the first step. This has hindered the Court in its disposition of these motions and prolonged their consideration.

In this case, counsel is correct that the Defendant would be *eligible* for a reduction in his sentence from 188 months' incarceration to time served. The magnitude of that reduction, however, should have given pause to all who examined these facts.

The Government served a § 851 Notice for enhanced penalties in this matter. That enhancement would today remain valid. Therefore, if Defendant were sentenced today he would still be subject to a mandatory

240 month sentence. As such a reduction to time served would appear to be of questionable reasonableness.

In order to allow Defendant a reduction in his sentence that reflects the quantitative and qualitative reductions intended by Amendments 750, 780 and 782, one must make a reasonable comparison. In receiving a 188 month sentence, Defendant was relieved of the mandatory minimum requirement of § 851, and then given a sentence in the center of the Guideline Range without the § 851 enhancement. If the same calculation is made taking into account the reductions enacted in Amendment 750 this would result in an amended sentence of 152 months (the center of a range of 135 to 168 months), but not a reduction to time served.

Since this does not provide a reduction to time served, it is necessary to then proceed to calculate to what reduction the Defendant may be entitled pursuant to Amendment 782. That would yield a reduction to 123 months (center of a range of 110 to 137 months). Since this reduction is more advantageous to Defendant than a revised sentence pursuant to Amendment 780, the Court will allow Defendant a reduction pursuant to Amendment 782 to 123 months.